**BERGER v. CENTRAL VERMONT RY:, Inc.**

Civil Action No. 7592.

United States District Court
D. Massachusetts.

Oct. 19, 1948.

Schneider, Reilly & Bean, Stephen S. Bean and Stanley H. Rudman, all of Boston, Mass., for plaintiff.

George W. Howe, of Boston, Mass., for defendant.

SWEENEY, Chief Judge.

There is before me the plaintiff's motion asking for an order directed to the defendant to allow the plaintiff to inspect and make copies of statements of four employees of the defendant. The only "good cause" which the plaintiff can assign for his motion is the unavailability of the witnesses, they being in Vermont, and the costs of taking their depositions.

I think that the situation here is covered by the rule laid down in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. The statements in question were not taken in the usual course of business, nor as the result of a railroad rule, but were taken at the instigation of General Counsel for the defendant. It is urged by the plaintiff that such taking of testimony is routine with the General Counsel's office, and should be considered as being done in the usual course of business. I cannot accept this view. The witnesses are in Vermont, they are open to interrogation by the plaintiff even through the mails, and I can find no good cause for allowing this inspection.

As to the rest of the motion pertaining to the inspection of the boiler tank and an acetylene welding torch, I understand that the defendant will arrange, insofar as it is able, to allow such inspection. That portion of the motion relating to the inspection and copying of statements of the four employees is denied.